UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RACHEL CHUA,

Plaintiff(s),

v.

NEUROMONITORING ASSOCIATES, LLC,

Defendant(s).

Case No.2:25-CV-2266  JCM (MDC)

ORDER

Presently before the court is defendant Neuromonitoring Associates, LLC's motion to dismiss or compel arbitration.  (ECF No. 12).  Plaintiff Rachel Chua filed a response (ECF No. 15), to which defendant replied (ECF No. 16).

**I.     Background**

Plaintiff brings this action, individually and on behalf of all others similarly situated, against defendant for violations of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*  (ECF No. 1 ¶¶ 1–2).  Plaintiff seeks recovery of overtime pay from her former employer, defendant Neuromonitoring Associates.  (*Id.* ¶ 1).  She is a resident of Nashville, Tennessee, and was employed by defendant in the state of Alabama as a salaried neurotechnologist (*Id.* ¶¶ 2, 5, 7, 8). During her employment, defendant treated her as exempt from overtime pay.  (*Id.* ¶ 22).

Plaintiff alleges that defendant is a privately held corporation with its principal place of business in Las Vegas, Nevada.  (*Id.* ¶ 9).  Defendant contests this claim, stating that it moved its principal place of business to McKinney, Texas, effective early to mid-2023.  (ECF No. 12, Ex. A ¶ 2).

Defendant now brings the instant motion to dismiss for lack of personal jurisdiction or, in the alternative, to compel arbitration pursuant to plaintiff's employment agreement. (ECF No. 12).

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).  To avoid dismissal under Rule 12(b)(2), a plaintiff must demonstrate that its allegations establish a prima facie case for personal jurisdiction.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Absent an evidentiary hearing, the court inquires only into whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction."  *Id.* Uncontroverted allegations in the complaint must be taken as true, and factual disputes over statements contained in affidavits should be construed in the plaintiff's favor.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.  *See Boschetto*, 539 F.3d at 1016.  Nevada's long-arm statute is co-extensive with federal standards, so the court may exercise personal jurisdiction if doing so comports with federal constitutional due process.  *Id.*  "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

**III.    Discussion**

As an initial matter, the court has sufficient information to decide the instant motion based on the filings and thus denies any request for oral argument. *See* Local Rule LR 78-1.

A. General Jurisdiction

A court may assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

A corporation is "at home" in the state of its place of incorporation and where it has its principal place of business.[1] *Daimler*, 571 U.S. at 137. In an exceptional case, a company's

---

[1] Courts have also held that a limited liability company is "at home" in the state of its formation and where it has its principal place of business. *See, e.g.*, *Avus Designs, Inc. v. Grexx, LLC*, 644 F. Supp. 3d 963, 978 (D. Wyo. 2022); *Allen v. IM Solutions, LLC*, 83 F. Supp. 3d 1196, 1204 (E.D. Okla. 2015) (stating that a limited liability company is "at home" in both state in which it is organized and where it has its principal place of business); *Talentscale, Inc. v. Aery Aviation*, LLC, No. 5:25-mc-1-TKW/MJF, 2025 U.S. Dist. LEXIS 229348, at *8 (N.D. Fla. Oct. 17, 2025) (pointing out that "determining the citizenship of limited liability companies for the purpose of determining whether there is diversity of citizenship differs from the analysis required for a court to exercise personal jurisdiction.") (internal citations omitted).

operations in a tertiary forum may be so substantial and of such a nature as to render the company at home there. *Id.* at 139 n.19.

The complaint does not discuss defendant's place of incorporation.  Plaintiff alleges only that "[d]efendant [Neuromonitoring Associates] is a privately-held corporation with its principal place of business located at 9811 W. Charleston Blvd. #2-641, Las Vegas, Nevada 89117." (ECF No. 1 ¶ 9).  In support of this allegation, plaintiff points out that this is the address listed in her employment agreement, executed March 27, 2023.  (ECF No. 12, Ex. B ¶ 10).

Defendant argues that this information is no longer valid because it relocated its principal place of business to McKinney, Texas, in early to mid-2023.  (ECF No. 12, Ex. A ¶ 2).  Thus, at the time of filing on November 11, 2025, defendant's headquarters had been in McKinney, Texas, for over two years.

However, "[i]n the Ninth Circuit, we measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute.'"  *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022), *superseded by statute on other grounds as recognized in Fleites v. MindGeek S.A.R.L.*, No. 2:21-cv-04920-WLH-ADS, 2025 WL 2902292, (C.D. Cal. Sept. 26, 2025).

Defendant takes issue with plaintiff's citation to *Delphix Corp. v. Embaracadero*, an unpublished decision from the Ninth Circuit, for the same proposition, because it quotes from *Steel v. United States*, which in context was discussing only specific jurisdiction.  *See Delphix Corp. v. Embarcadero Technologies, Inc.*, 749 Fed. App'x 502, 506 (9th Cir. 2018); *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).  But *Ratha*, which is a precedential Ninth Circuit case, expanded *Steel*'s reasoning to apply to general jurisdiction as well.  *See* 35 F.4th at 1171.

. . .

- 4 -

Defendant's principal place of business must therefore be analyzed "at the time of the events underlying the dispute" for the purposes of general jurisdiction. *See id.*

The only difference is the time period which the court considers in the application of personal jurisdiction; plaintiff must still meet an "'exacting standard' for the minimum contacts required" for general jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted).

Plaintiff was employed by defendant as a neurotechnologist from March 2023 to May 2024, during which defendant considered her "exempt" from overtime pay under federal and state laws. (ECF No. 1 ¶¶ 6, 22). Defendant listed its principal place of business as Las Vegas, Nevada, as of the execution of plaintiff's employment agreement, (ECF No. 12, Ex. B ¶ 10), though defendant completed its transition to Texas soon thereafter. (ECF No. 12, Ex. A ¶ 2).

Under the undisputed facts, defendant had its principal place of business in Texas, not Nevada, for most of the relevant time period. Further, plaintiff does not allege facts sufficient to show that defendant was "so heavily engaged in activity in [Nevada] to render it essentially 'at home'" during that time, such that this court could consider this an exceptional case. *See BNSF Ry. V. Tyrrell*, 581 U.S. 402, 414 (2017); *Daimler*, 571 U.S. at 139 n.19.

Accordingly, the court does not have general jurisdiction over the defendant.

B.  Specific Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of proof for the first two prongs. *Id.* If the plaintiff establishes prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

When analyzing the first prong, courts in the Ninth Circuit typically apply the *Calder* effects test, which requires that the defendants (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendants know is likely to be suffered in the forum state. *Id.* at 805.

Plaintiff fails to allege facts demonstrating minimum contacts with Nevada. She is a resident of Tennessee and worked for defendant in Alabama. (ECF No. 1 ¶¶ 5, 8). There are no allegations of Nevada-based activity giving rise to plaintiff's claims.

At a minimum, plaintiff fails to meet the express aim and foreseeability requirements of *Calder*. Because the plaintiff fails the *Calder* test, the court does not address the remaining two prongs of specific jurisdiction. *See Boschetto*, 539 F.3d at 1016 (the jurisdictional inquiry ends if the plaintiff fails at the first step).

. . .

. . .

. . .

. . .

. . .

. . .

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss or compel arbitration (ECF No. 12) be, and the same hereby is, GRANTED without prejudice.  Plaintiff has failed to set forth a prima facie case of personal jurisdiction pursuant to Rule 12(b)(2).  She may file for leave to amend her complaint, within 21 days of this order, addressing only the deficiencies in her pleading of personal jurisdiction.

DATED January 16, 2026.

_____
UNITED STATES DISTRICT JUDGE