UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RACHEL CHUA,

Plaintiff(s),

v.

NEUROMONITORING ASSOCIATIES, LLC,

Defendant(s).

Case No.2:25-CV-2266  JCM (MDC)

ORDER

Presently before the court is plaintiff Rachel Chua's motion for leave to file a first amended complaint.  (ECF No. 21).  Defendant Neuromonitoring Associates filed a response (ECF No. 23), to which plaintiff replied (ECF No. 25).  Oral argument was unnecessary.  *See* LR 78-1.

**I.     Background**

On January 16, 2026, the court granted, without prejudice, the defendant's motion to dismiss or to compel arbitration and permitted plaintiff to seek leave to amend its complaint within 21 days.  (ECF No. 19).  Notably, the order addressed only the jurisdictional issues in the complaint, and did not consider defendant's venue or arbitration arguments.

Plaintiff timely filed a motion seeking leave to amend on February 6, 2026.  (ECF No. 21). With it, she submitted a proposed amended complaint purporting to correct the jurisdictional issues raised by this court in its January 2026 order.  Defendant did not directly address the personal jurisdiction issue in its response and instead argued that amendment would be futile because venue was still improper, and arbitration is mandatory pursuant to the parties' employment agreement. (ECF No. 23). Supposedly granting leave to amend would cause undue prejudice.

## II.    Legal Standards

### A.    Amendment

Under Rule 15(a), leave to amend "shall be freely given when justice so requires[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  The Supreme Court in *Foman v. Davis* provided five factors for courts to consider in determining whether grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies through previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Id.*  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (internal citations and quotations omitted).  If a proposed amendment would be subject to dismissal, leave to amend need not be given.  *See id.*

### B.    Venue; Forum-Selection and Arbitration Clauses

Venue is appropriate in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).

In determining residency for proper venue, a corporate defendant with the capacity to sue and be sued is a resident of any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(2).

However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013)). This is because a forum-selection clause represents the parties' agreement as to the most proper forum.

An arbitration agreement is "a specialized kind of forum-selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)).

Section 2 of the Federal Arbitration Act ("FAA") "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (internal citations omitted). Like contracts, arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability," but not on legal rules that "apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The court's role under the FAA is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho. Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If the answer to both inquiries is yes, then the court must enforce the arbitration agreement's terms. *Id.*

Courts are guided by a "presumption of arbitrability in the sense that '[a]n order to arbitrate

the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Techs., Inc.*, 475 U.S. at 650 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)).

**III.    Discussion**

A.    Futility of Amendment

Defendant argues that leave to amend would be futile because venue is still improper, and the parties agreed, in plaintiff's employment agreement, to arbitrate all their disputes. Venue is proper here on at least one ground because defendant remains incorporated under the laws of the state of Nevada.  (ECF No. 21, Proposed Amended Compl. ¶ 8; Ex. B to Proposed Amended Compl. at 11); *see* 28 U.S.C. § 1391(c)(2). The dispute resolution clause at issue states in relevant part,

> at the unilateral election of the Company, whether sounding in contract, tort, or other areas of the law, any and all any [*sic*] disputes, claims and other matters in question arising out of, or relating to, this Agreement or the performance thereof, including whether a matter is governed by this arbitration clause…shall exclusively *either be (1) adjudicated by a competent court within the State of Utah or (2) arbitrated* by (i) an arbitrator of the Company's unilateral choice (ii) who is within the jurisdiction and place of the Company's unilateral choice.

(ECF No. 12, Ex. B ¶ 15) (emphasis added).  Thus, the dispute resolution clause permits adjudication only in a court in Utah *or* arbitration, at defendant's election.

1.    *Whether a Valid Agreement to Arbitrate Exists*

Plaintiff argues that the clause is unconscionable and therefore unenforceable.  The parties agreed that Utah law shall govern construction and enforcement of the employment agreement. (*Id.* ¶ 14).  Under Utah law, contracts are reviewed for procedural unconscionability, which focuses

on the formation of the agreement, and substantive unconscionability, which is concerned with the contents of the agreement. *Sosa v. Paulos*, 924 P.2d 357, 360 (Utah 1996).

Under Utah law, factors bearing on procedural unconscionability include (1) whether each party had a reasonable opportunity to understand the terms and conditions of the agreement, (2) whether there was a lack of opportunity for meaningful negotiation, (3) whether the agreement was printed on a duplicate or boilerplate form drafted solely by the party in the strongest bargaining position, (4) whether the terms of the agreement were explained to the weaker party, (5) whether the aggrieved party had a meaningful choice or instead felt compelled to accept the terms of the agreement, and (6) whether the stronger party employed deceptive practices to obscure key contractual provisions. *Sosa*, 924 P.2d at 362.

The court acknowledges that employees have less bargaining power in "take-it-or-leave-it" employment agreements, such as the one at issue here. *See Resource Mgmt. Co. v. Weston Ranch & Livestock Co. Inc.*, 706 P.2d 1028, 1042 (Utah 1985); *First Am. Title Ins. Co. v. Northwest Title Ins. Agency, LLC*, No. 2:15-cv-00229, 2016 U.S. Dist. LEXIS 162893, at *53 (D. Utah 2016). However, this is not the end of the inquiry. While it is unlikely that plaintiff could negotiate removal of the provision, she had several days to review the agreement, ask questions, and seek consultation. (ECF No. 15 at 9). She did not ask for more time for review and was not rushed to sign the agreement on the spot. (*Id.*). If plaintiff made the effort to read the contract, that she would have read the section conspicuously labeled "Exclusive Forum Selection—Dispute Resolution Method." (*See* ECF No. 12, Ex. B ¶ 15). The clause was printed in the same size font as the rest of the terms in the 9-page contract and located just one page prior to where she signed the document. (*See id.*). Moreover, the language in the clause is not incomprehensible; plaintiff did not ask for clarification before signing the agreement. (*Id.*). On balance, there is very little, if

any, procedural unconscionability here.

The court next considers whether the clause was substantively unconscionable. Where there is a gross disparity in terms, "[s]ubstantive unconscionability alone may support a finding of unconscionability." *Red Bridge Capital, LLC v. Jar Family Inv. Co.*, 2014 UT App 21, 319 P.3d 754, 756 (Utah Ct. App. 2014) (citing *Com. Real Estate Inv., L.C. v. Comcast of Utah II, Inc.*, 2012 UT 49, 285 P.3d 1193, 1203 (Utah 2012)); *Sosa*, 924 P.2d at 361. "Even if a contract term is unreasonable or more advantageous to one party, the contract, without more, is not unconscionable—the terms must be [unfairly surprising or] "so one-sided as to oppress . . . an innocent party." *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 402 (Utah 1998).

Plaintiff argues there is substantive unconscionability because defendant has an unfair amount of control over the terms of arbitration. Unfairness is not enough. Parties "should be permitted to enter into contracts that actually may be unreasonable, or which may lead to hardship on one side," as it is "not for the courts to assume the paternalistic role of declaring that one who has freely bound himself need not perform because the bargain is not favorable." *Resource Mgmt. Co.*, 706 P.2d at 1040.

From the face of the agreement, the parties agreed defendant could unilaterally choose between litigation in Utah, or arbitration under the Commercial Arbitration Rules of the American Arbitration Association. The clause does not dictate location of the arbitration or the identity of the arbitrator, leaving those for the defendant to select on a case-by-case basis.

While the clause may be advantageous to defendant, it is not oppressive to plaintiff. For example, if defendant opts to proceed to arbitration, plaintiff is not limited in the claims she may bring, the time within which she must bring them in, or the remedies she may be awarded.

Moreover, the rules of arbitration are clearly stated in the clause.[1]

Plaintiff expresses concern with the defendant's unilateral ability to select the arbitrator it so desires.  She cites to a case from the District of Utah, wherein the court acknowledges that *other* "[c]ourts have invalidated, as substantively unconscionable, arbitration provisions that allow one party to control the choice of arbitrators." *Beus Gilbert PLLC v. Brigham Young Univ.*, No. 2:12-cv-970, 2023 U.S. Dist. LEXIS 211683, at \*5 (D. Utah Nov. 28, 2023) (citing to cases from the first, third, fourth, sixth, and tenth districts).  But as the court also noted, evidence is required that the term is so "one-sided as to oppress or unfairly surprise an innocent party." *Id.* at \*6–\*7; *Sosa*, 924 P.2d at 361.

Here, defendant has free reign to select the arbitrator without the plaintiff's input.[2]  This may be unfair, as plaintiff points out, as it permits defendant to select its preferred arbitrator.  However, plaintiff submits *no evidence* of likely bias.

On balance, there is little evidence of procedural unconscionability, and no evidence of substantive unconscionability.  Thus, the dispute resolution clause is valid and enforceable.

### 2. *Whether the Agreement Encompasses the Dispute at Issue*

The next question is whether the dispute resolution clause encompasses the dispute at issue.  The FAA permits parties to agree to arbitrate 'gateway' questions of arbitrability," such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center*, 561 U.S. at 68–69.  Here, the clause states that "any and all disputes. . . including

---

[1] In a throwaway sentence, plaintiff, in response to defendant's motion to dismiss, claimed that the arbitration clause is "substantively unconscionable because it requires the existence and resolution of arbitration to be kept confidential." (ECF No. 15 at 16).  Plaintiff cites to a Ninth Circuit case and a Nevada Supreme court case but does nothing further to apply the facts at hand to Utah law on substantive unconscionability.

[2] It is notable that AAA arbitrators adhere to a code of ethics, which includes a standard of impartiality.  *See* CODE OF ETHICS FOR ARBS. IN COM. DISPS., AM. ARB. ASS'N 3 (2004).

whether a matter is governed by this arbitration clause shall exclusively either by (1) adjudicated by a competent court . . . within the State of Utah or (2) arbitrated by (i) an arbitrator. . ." By its plain terms, this court does not have the power to determine threshold questions of arbitrability. *See Rent-A-Center*, 561 U.S. at 68–69. Moreover, defendant repeatedly indicates its intent to exercise its option to arbitrate;[3] it follows that threshold questions of arbitrability would be delegated to an arbitrator per the agreement.

Finding that (1) the dispute resolution clause is valid and enforceable, and (2) whether it encompasses the dispute at issue is not for this court to decide, the court concludes that amendment would be futile.

**IV.    Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that plaintiff's motion for leave to amend her complaint be, and the same hereby is, DENIED as futile. The case is dismissed with prejudice to plaintiff bringing it again in this court. This decision does not preclude plaintiff from bringing her claims in one of the forums agreed upon by the parties in her employment agreement, subject to the rules therein.

DATED April 9, 2026.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Both in a previous motion, and in its arguments in response to plaintiff's motion to amend.